Gaston, Judge,
 

 after stating the case as above, proceeded as follows: We do not deem it necessary to examine very
 
 *440
 
 particularly the testimony by which these allegations are supported, as the parties do not so much disagree respecting facts, as they do upon the principles applicable to them. It is not questioned, but that at the time the judment was rendered against the defendants, all othe assets in the hands of the administrator of Ramsay, were exhausted. It is also manifest upon the proofs, that before that time judgments had been signed by creditors, with a finding that the administrator oí Ramsay had fully administered for an amount exceeding the value of all the real estate, and
 
 sci. fas.
 
 had isssued to subject that real estate-to the satisfaction thereof. It appears, also, that after these
 
 sci. fas.
 
 had issued, on the petition of the guardian of the heirs, the County Court made an order for selling íhe real estate on credit; that it was sold accordingly, and all the proceeds distributed rateably among those who had so issued their
 
 sci. fas.,
 
 and proved insufficient, by a large sum, to pay the amount of their judgments.
 

 On the part of the plaintiffs, it is, by their bill insisted, that the defendants are chargeable, because they
 
 might,
 
 by paying off Staley’s demand before suit, or immediately after suit, and taking an assignment thereof to a trustee, have pushed the claim
 
 pari passu
 
 with the most diligent and successful creditors of Ramsay,0 and have either obtained a judgment against the administrator before he had legally" discharged himself of the personal assets, or, at all events, have come in for a share in the distribution of the real assets. It is
 
 possible,
 
 that this course of proceeding, might have been advantageous for the plaintiffs, and if it had been shewn that it was one which was obviously required by a regard for their interests, and which the defendants had the means of pursuing, the omission to take it might have been pressed, with much force, as a defect of diligence. Certainly, however, it is not generally the duty of an administrator to volunteer in paying debts which his intestate has contracted as surety, and procuring assignments thereof to a trustee — . and if in pursuing this unusual mode of andministration, he should happen to injure the estate committed to his charge, he would be obliged to shew very special and sufficient reasons for his conduct, before he could exonerate himself. It
 
 *441
 
 is not pretended that this course was intimated or recommended, or even known to the defendants. It is not shewn that they had reason to believe that the claim in their hands could be pushed with more celerity than it was by Staley. And it is not shewn that they had any assets wherewith to make the purchase — other than the negroes of the estate; and if they had
 
 sold these
 
 to raise money wherewith to buy up the claim, and loss had been incurred, they could scarcely have saved themselves from a strict accountability therefor. A trustee owes perfect integrity and reasonable diligence to his cestuy que trusts. There is not the slightest ground to attribute unfairness of purpose to these defendants; and if there has been any error on their part, it is not such as indicates the want of ordinary prudence. After the result of any course is ascertained, it may be easy to see how it might have been avoided by some different mode of procedure. But, in judging of the
 
 prudence
 
 of the course pursued, it is proper to throw out of consideration our knowledge of what was its result.
 

 *rha Court <iuil7 as t0 pJt distinct- ^ t“eIssue gurí to which there lire no P™°rs-
 

 The next ground taken in the bill for charging these defendants is, because they declined to prosecute the suit against Ramsey’s administrator. We are entirely satisfied'that this ground is not tenable. It is certain that the administrator had 'no assets — and the defendants would have been obliged, if they prosecuted the suit, to carry it on at their own costs. The estate had then been settled — they had nothing of it in their hands — and if those beneficially interested would not incur the liability of costs, it is against conscience that they should require the claim to be conducted for their benefit, at the expense of the defendants.
 

 Some other grounds have been taken by the plaintiff’s counsel, in argument, which were not put distinctly in issue by the pleadings, and with regard to which there are no proofs. They have prayed for that purpose an enquiry. We do not think — without some evidence rendering the matter alleged at least probable — that we should be justified jn recting the enquiry asked for.
 

 
 *442
 
 Jt is the opinion of the Court that the bill must be dismissed, but not with costs.
 

 Per Curiam. Bill dismissed.